Our third case of this morning is number 19-3150, Teamsters Local177 v. United Parcel Service, Mr. O'Hare and Mr. Dell. Mr. O'Hare. Thank you, Your Honor. Good morning. May it please the Court, my name is Edward O'Hare and I represent Appellant Teamsters Local Union number 177. With the Court's permission, I would like to reserve three minutes for rebuttal. That's fine. I trust the connection is sufficient. 9 U.S.C. Section 9 of the Federal Arbitration Act creates a statutory right to seek confirmation. That converts an arbitration award into a judgment. Moreover, Appellant Local 177 has standing to pursue confirmation consistent with Article 3 of the U.S. Constitution. The Supreme Court's decision in Spokio... This is a case where it's... I counted three or four times where it looks like post-arbitration the UPS had violated the award. People were sent out of their particular areas in violation of that award at least three or four times. One time was caught when the union person came on and they pulled the person back. But isn't that injury in fact and doesn't that mean that there's harm? We believe it does, Your Honor. But we wouldn't rely solely on that. In fact, Your Honor is correct. It was no fewer than three times. And when you add the times that happened prior to, in fact, the arbitration itself, it was multiple times. And that's what really got the union to thinking it may be time to confirm this award. Does the agreement here provide a provision for the parties to confirm the award? It has a provision that says the arbitrator's award shall be final and binding, which the Third Circuit and its district courts have understood to mean the party has authority to seek confirmation of the award in court. So, Your Honor, in this question, I would like to say at the outset, and your point is well taken that there is an injury in fact, but we think it goes deeper. Because why should a successful litigant, which is required to pursue redress for injury in arbitration, be deprived of the most meaningful benefit it can obtain, which is an enforceable judgment in its favor? And that's something that any other successful litigant who commences suit directly in court from its inception would obtain as a matter of course. So we see confirmation as being understood to be part and parcel of an adjudicative process, not a solitary cause of action standing on its own. And that point could be made, and I think has been made, when you take into consideration the strong, unmistakable federal policy favoring arbitration. When these injuries were occurring, why didn't you move to confirm at that point? Well, Your Honor, I think it speaks to my client's good faith. And it also addresses the arguments made by counsel in his brief as well as some commentary by judges in other cases, which is to say we were giving the company the opportunity. We weren't knee-jerk running into court. We were trying to maintain a relationship. This is labor relations. So we had the opportunity to do that. That is correct. But we were trying to demonstrate our bona fides, which I believe we did. And there's a suggestion, in fact, in the adversary's papers that access to contempt should be the basis for a denial of a motion for confirmation or that it should put the brakes on confirmation. It's an inappropriate weapon, in other words, and that should be rejected. First of all, UPS controls not only contempt but confirmation by its own conduct. Second of all, confirmation would require that we demonstrate to the court at the appropriate time, I'm sorry, contempt at the appropriate time, that the judgment has been violated. It would have to meet the four corners of not only the award but the judgment. So, Mr. O'Hare, is your position that a party can always seek confirmation of an award, that that's inherent, so you could go to court the next day and say, hey, we got an award from the arbitrator. We want this confirmed with the judgment right this second? I believe that's correct, Your Honor. That may sound extreme, but it's not. It is what the party has bargained for. More importantly, it's what the statute provides. This is a process that the courts and Congress have developed over nearly a century, whereby the federal courts are spared the whole litigation time and expense of adjudicating these types of disputes. They're handled by arbitrators. So where did the First Circuit get off the track in Derwin? What do you think is illogical in their approach when they say, look, if there's an arbitrator's award and everybody's living by it, then there is no real fight? There's several issues with Derwin, Your Honor, and I would start with its lack of any contemplation at all of the Federal Arbitration Act itself. Well, the FAA can't create subject matter jurisdiction that doesn't exist, right? So that's a starting point, and the Derwin court seems to be taking the position that if you don't have a fight, you don't have an Article III controversy, end of subject, and who cares what the FAA says. So what's wrong with that logic? Well, Your Honor, I think it ignores why it is there is a Federal Arbitration Act to begin with, because it's providing the apparatus to adjudicate these disputes, a dispute, in this case, as others, where an arbitrator has found an injury. That injury was redressed, in this case, specifically along the lines of what the union asked for, a cease and desist going forward. Now, in Derwin, it was essentially the same thing, conceitedly, but they seemed focused on a burdening of the courts or the potential glut of these types of cases coming forward, and I could tell you, Your Honor, that that's misplaced. I've represented this local for some 25 years. We've never done this. It was only because of circumstances on the ground that we're even contemplating it. Even should we get a judgment going forward, it's not necessarily the case that we're going to be running into court. As I said before, any application following a judgment would have to meet appropriate standards, meeting the four corners. It's not as if we can just say, we have a judgment, you're in contempt. There's a lot more than that. Counsel, I think you just said that the arbitrator found an injury and redressed it. If that's the case, how is it that you have an injury, in fact, at the time the petition was filed in federal court? Well, Your Honor, there were repeated injuries following issuance of the arbitrator's order, but we think the entire structure of the FAA, as well as the courts, which encouraged, indeed mandate, that we adjudicate these cases at arbitration, contemplates that for that final redress, i.e., the thing that really matters. I don't want to emphasize it too much, but I think I have to. The final thing that matters, the thing that has teeth, is a judgment. Okay, so let me just ask it so I understand. I'm gleaning from what you're saying. You have two theories of injury, in fact, for Article III purposes. One, the past violations would demonstrate, if the fact finder chose to, to demonstrate there's an imminent risk of future injury. That would be one theory, if I understand you correctly. The second is you're suggesting that from Section 9 of the Arbitration Act, giving that opportunity to confirm, is demonstrating Congress's recognition that the injury is not completely redressed and do not need hold until the award is confirmed and the award is converted to a judgment. Are those your two theories? That is precisely the case, Your Honor. I think the second argument you make, which is that the FAA contemplates this final adjudicative measure, which is to confer the imprimatur of the courts on a judgment, making it final, is really why that act is in place. And I would add, Your Honor, just to that point, to show it's part and parcel of an adjudicative process, the FAA talks about these in terms of motions and applications. It doesn't talk about new causes of action. These are understood, as I read it, and I believe as cases certainly in the sister circuit of the Second Circuit would read it, that this final judgment is part of that whole process. To the first point, Your Honor, absolutely. There was injury. They were ongoing. And I would say past being prologue, I think the union was correct that this could happen in the future as well. And you were starting at one point to talk about Spokio, and we asked folks to be prepared to chat with us about that. So what do you think about Spokio? Does that provide any kind of basis for standing here? Your Honor, there's nothing in Spokio which changes the standing in this case. I understand how it goes into great detail about concreteness, particularity, and what have you, but it also says that Congress is well positioned to identify intangible harms. I'm not sure this is an intangible harm, by the way, but it further states that, and quote, history and judgment of Congress play important roles in determining concreteness. So the courts, having set forth this mechanism for adjudication of arbitration, followed by enforcement through confirmation, has already addressed whether there's a concrete injury or not. It ticks all the boxes, Your Honor. Actual injury, traceable to defendant, redressable by a favorable judicial decision. So it's correct. I don't believe Spokio was addressed by the court in this case below. He was mentioned in the Ginesco case provided by Counsel Friday. But even then, it just stood for, or was presented as standing for, those kind of basic standing elements, which in our case, given the FAA's structure and its required use, doesn't present a bar to Local 177 in this case. Can you take anything from Spokio? So in Spokio, you dealt with, I think, the Fair Credit Reporting Act or the FDCPA, a consumer-friendly statute and suggested that one should have a right to have a remedy if you've been injured, but it presumes an injury. And I guess I go back to Section 9. Is there anything that we can glean from Section 9 as reflecting Congress' identification of a harm that one should be able to seek relief for in a court? And if so, what is that harm? Well, Your Honor, the fact that it's phrased in mandatory terms, we would argue that it's presuming that there was, A, an adjudicative process and a determination and a harm that is to be redressed. That's what we're considering here. Spokio, at bottom, I think all the cases, except for the one case that happened not long ago in the District of New Jersey, all dealt with the same type of cases you're referring to, which are these kind of privacy-related issues and how technical violations like misreporting zip codes wouldn't rise to the level. Those are type of cases that commence in federal court from their inception. The FAA is not that type of statute. It's different. And Spokio doesn't consider or contemplate the FAA, its history, its application, or its interplay between arbitration and the courts. I have another question about Section 9. It has to do with the – interesting to me, it's something unique about Section 9. Section 9 obviously gives parties who have an agreement to go forward and order awards to be confirmed can do so, and it can be done by, quote, any party to the arbitration, close quote. That seems to suggest that even a party who wasn't the injured party could go forward. Should that influence our injury-backed analysis, or am I reading too much into any party as opposed to the prevailing party? As you ask the question, Your Honor, I'm contemplating how that would apply to a non-prevailing party and what the benefit would be, and I'm struggling. I do believe the wording is probably broad enough that that could occur. I cannot contemplate an issue at the moment where that would apply. Could it be a situation where they're looking for sort of the race judicata effect of an arbitrator's award? The arbitrator made a finding, even if they lost, they didn't get the release they wanted, whether it was money or an injunctive-type release, but they just have a ruling and they know that at least we know this scenario, this is what's in bounds. Could that be a theory where they're seeking certainty in terms of their rights, almost like a declaratory judgment? That could certainly be the case, Your Honor, and I could certainly see should the union be on the losing end for that very reason. As you may have seen from some of the cases, while arbitration or arbitrators in arbitration aren't necessarily bound by prior arbitration decisions, the weight and heft, obviously, of a federal court judgment would have that precedential value. That could be beneficial, could help a party. And I guess to take the extension of that then, does that bolster your view that this confirmation process in Section 9 is part of the continuing adjudicatory process, of an injury that a party sustained in the efforts to get conclusion on that? Well, I think you're right, Your Honor, and it was in one of the cases, it might have been the Seventh Circuit case, the Unite Here v. Hyatt, which talked about the award providing that type of kind of, if not prospective, but it reinforces the scope of release. It gives the parties clarity and something they can depend upon going forward, which is invaluable to a relationship like an employer and a union. So that could have very beneficial ramifications. Thank you. Thank you. Any further questions for Jordan? No, none for me. Okay, we'll hear from Mr. Dell and then get you back on rebuttal. Thank you, Your Honor. Thank you. Thank you, Your Honors. May it please the Court, Mike Dell from Dave Pitney, on behalf of Respondent and Appellee United Carceral Service, and it's a privilege to be here. It is virtually. Nice having you. The union won at arbitration. The FAA states that arbitration awards must be confirmed, and you didn't move to vacate the award, so why oppose confirmation now? Well, Your Honor, UPS just seeks to follow the law and follow the Constitution, and the Constitution requires that there have to be an injury in fact. And in terms of the mandatory language of the FAA, which counsel cites, too, I think that Derwin looked at this issue with respect to its state version of the FAA, but it hit the nail right on the head, I think, where it indicated that that mandatory language shall confirm is more accurately, more properly considered in a case where it shall be confirmed in a case that is properly before the court, i.e. a case that is justiciable. But when you look at that, when I look at the First Circuit, I'm sorry, the Southern District of New York in the NFL case, Judge Crotty, I believe, said that the real question is whether Section 301, the court should impose a new requirement that in addition to the dispute which clearly exists between the parties, one of the parties must raise a new dispute in order to have the arbitral award confirmed. I mean, that seems to be illogical. Well, Your Honor, I believe that the SDNY case, and part of the split, right, it's why we're here, the Second Circuit has a different view than the First Circuit, and the other circuits are kind of up in the air. The SDNY case was particularly interesting to me because the procedural grounds of it were quite interesting. The result was a 2007 arbitration award. And in the Second Circuit, it was determined that for the FAA and in LMRA cases, it was a one-year statute of limitations period. But that 2007 award wasn't going to go into effect until 2010. What does that have to do, Mr. Dell, with the point that the court was making? The court was making, it seems, a straightforward point that has nothing to do with the procedural posture in that case. It said, phrased differently, can one party to an arbitration dispute defeat or frustrate confirmation simply by claiming acquiescence with the award? In other words, do you get to prevent judicial confirmation when the FAA says it shall be done simply by saying, hey, we're going to be good? It's not a matter of preventing. Your Honor, I think I understand your question. It's not a matter of preventing by saying that we're going to be good, and it's not an effort of an effort to prevent. Simply that's back to whether or not there is an interest. With respect, Mr. Dell, that's exactly what it is. The assertion you're making is there can be no injury because we're going to comply. And the way Judge Crotty put it in the NFL case, you can't – that makes no sense. You can't defeat the actual dispute which led to the arbitration and the FAA's clear mandatory language by simply saying we'll be good. That can't be the law because the dispute doesn't evaporate, didn't disappear because you decided to comply. I take that to be the court's ruling there, and I'm trying to get you to engage with it, and I think Judge Ambrose, too. So engage with that without taking a sense of the details of the NFL case. Hit the logic of that assertion. Certainly, Your Honor. And I think that's where it's split as far as how cases have looked at it, where some have looked through to the underlying award, whether or not that's an actual – that represents the case of controversy, whereas courts going the other way, including Durham, have sort of looked to the NFL case. We got that. We got that. What we're saying is why isn't the NFL case spot on in terms of how one should analyze this from just a logic point of view? Because I believe the logic is false, Your Honor, in that it creates – Okay. What we're asking is what's false about it? The idea that a dispute remains alive after an award has been issued. Arbitration awards are meant to be final and binding. That's what the contract says between UPS and 177. And once an award is final and binding, and as Mr. O'Hara said, this is the first time the union's ever come to court for this, the party's accepted and they abide by it. And in this case, UPS' contract demonstrates it's abiding. Mr. Dell, your position really is if we say we're good, we're going to be good, they have no legal right to come to court, period. Your Honor, the position is that if there is not an actual injury in fact, then there is no article for you. The only injury that – right. And in this context, the injury in fact is you're saying we're not going to keep doing the stuff we were doing. We're going to be good. We're not going to do the stuff that the arbitrator said was violative of the CBA. We're going to be good. And your legal position is by saying that, you defeat subject matter jurisdiction because there's no longer an act of live dispute. That's the sum and substance of it, right? I think it's very, very close to that, your Honor. Even though there were violations here? Those violations were remedied as the council admits in their – the union admits in their papers. All they had to do was correspond with their bargaining counterpart, which is how collective bargaining works. But it doesn't seem to make sense that if you say, okay, I lost, I'm going to be good, and the statutory right you have to confirm that award if filed within one year, you don't get to do it. You just don't get to do it. Too bad. And that really seems to be saying we're going to require some type of inefficient case or controversy requirement even though what this is, it seems – isn't this the entry of a – courts don't pause before the final step of a proceeding to assess whether the controversy is still alive. Why should we reassess here between the entry of the award and the confirmation? This seems to be just like the entry of a mandate. Your Honor, the thing is a bit more extensive than that because when we talk about what happens with entry of confirmation, there also then would have to be the possibility of sanctions, which is a very searching analysis. And if you think about what the union is asking for here, confirmation so that in the event of some future unknown violations, which have not been identified yet. What they're asking for is confirmation of the award that was made, and that seems to be something that the FAA says they are entitled to. Now, I understand we're under the Labor Management Act here, but all the decisions going back decades tell us we look to the FAA. And I don't hear anybody on this call or in the briefing saying, yeah, no, don't pay attention to the FAA. The FAA is the thing you should be looking to for guidance, right? Absolutely, Your Honor. Okay, so if we're looking to the FAA for guidance and the FAA says it shall be done, you shall confirm, and the Supreme Court has said that is compulsory and they have said that, what is it that makes the UPS folks think that merely by saying we're going to abide, that the case or controversy that created the arbitration at which they won is no longer a live case or controversy which has to be confirmed? Because if you're logical, anybody could come in after an arbitration win and say, I give up. I'm done. No, you can't confirm that. Well, Your Honor, there would have to be a dispute between the parties. There has to be an actual concrete dispute. Where is that in the statute that says there's got to be a new dispute? It sounds like what you're doing is you are conflating enforcement, saying there's a violation and you're looking for a sanction, but you're saying it's different, not conflating, I should say, from confirmation. Confirmation is right in the statute, as Judge Jordan said. They have a right to it. They do have a right to it, Your Honor, if there is an injury in fact between the parties, which I think that if you look at the Spokio case, and I would like to address Spokio as well. Mr. Dell, this is what we're battling over in this conversation. You say there has to be an injury in fact. There was an injury in fact. It was the injury in fact that took you guys into arbitration. You had legally opposing positions. You went before an arbitrator if the CBA required. You got a result that said what the answer was to the legal dispute. Now it appears on the very straightforward application of the statute, they're entitled to go to court and get that award arbitrated. And where in the statute or any place else is there a requirement that there be some new or different fight than the one that created the arbitration and the award? Well, Your Honor, I understand the court and counsel's position as far as the underlying arbitration award being the dispute, the injury in fact between the parties. However, I think that the case is, and I think the law looks at this somewhat differently. Let me look at it from the other end then if you want to think the law. Doesn't the FAA create a statutory right to confirmation of an arbitration award? Yes, it does. If the union is denied that right, isn't that an injury in fact? No, I don't believe it is, Your Honor. It's not even though they have a statutory right to it? You just said they have a statutory right to confirmation of an arbitration award. If they're somehow denied that right, isn't that an injury in fact? It is not, Your Honor, depending on the circumstance. If you look at the Spokio case, Spokio specifically looked at situations of what could or could not be violations of the statute. And it specifically said that purely procedural requirements may result in no harm at all, such that there's no injury in fact. It did note that there is a risk of real harm. There could be situations where there's a risk of real harm based on statutory violations. That could cause an injury in fact. And if you look at the two cases, though, that it cites you on that situation, Your Honor, I think that those are very instructive for us. The first is the public citizen case, which involved a nomination and appointment process for federal judges, which I'm sure the court is far more familiar with than I will ever be. But the individuals in that case sought information underlying the ABA's recommendations of certain judges, and they were entitled to that information statutorily by the Freedom of Information Act FOIA, and they were denied that information. They were denied something, a specific fact that was out there that they could get and they weren't allowed to. Contrast that with the union's position here, where what they are looking for is confirmation in the event of a future violation, which the union admits there is no current or pending violation of the award. Going back to Judge Ambrose's point is the statute creates a right to basically complete the process to get your full injury redressed by virtue of getting a judgment, which allows you to have access to many things. But you choose to enforce it is a different question. So with that in mind, isn't the injury not made whole or not fully resolved until that statutory right is invoked and respected? I apologize, Your Honor. I think that you broke up a little bit there on the phone, and I apologize for the connection. Could you please repeat the question? Of course. I'd be glad to do it. It wasn't very articulate anyway, so it's totally fine. My point is that Judge Ambrose was asking you about a statutory right created by Section 9, that is the right to confirmation. In this scenario, we have an arbitrator's award and a desire to be made whole from the injury sustained, that breach of the CBA. Why isn't that enough to get them in court to have an injury in fact and be able to actualize the statutory right they're entitled to? Well, Your Honor, I think that I was addressing that with Public Citizen and the Aikens case, and I apologize if I wasn't articulating it well enough. I mean, I heard what you said about Public Citizen and the deprivation of certain information from somebody who was seeking it. I heard that, and I was sort of deviating from hearing about the second case in Spokio to kind of follow up on what Judge Ambrose was asking you about in terms of this statutory right and the company's position that it really isn't a right. If there's no ongoing dispute or new dispute, because that's really what you're suggesting, there needs to be a new dispute, there is no right, and where in the statute does it say that? The statute does not say that there has to be a new dispute, Your Honor. That's not the case, and it's not the company's position that it does say that. It is the company's position, however, that in any case brought to court, there must still be an actual case or controversy underlying it. But the only one you're saying there's no actual case or controversy because the company says we're going to abide by the award, but your adversary's position is the controversy has not been brought to completion because we're entitled to a judgment. Congress told us that. So isn't it just because you, and it goes back to what my colleagues were just asking you about, just because the company takes the position we're not going to violate anymore or we're going to comply as the case may be, doesn't mean the adversary's injuries have been fully taken care of and that they still persist until they get their judgment. Isn't that what Congress was saying in Section 9? Otherwise, you'd have to have a new dispute, and you're telling me just that we don't need a new dispute. Well, Your Honor, it's not an issue of a new dispute. It's an issue if there is a dispute. For example, if the company were to repudiate the award or actively tell the union we're not abiding by it and actually demonstrate a failure to abide by it, I don't believe that the company's actions in this case demonstrate a failure to abide. Mr. Dell, isn't this just like cases where somebody brings a suit for injunctive relief and the party that is sued says, I'm going to stop. I won't do that anymore. Therefore, you don't have a case of controversy. Yeah, and the courts in that instance say, well, that's not enough. This is capable of repetition but evading review. You can't deprive us of jurisdiction by laying down and saying, I give. There was a fight, and we're going to see this through to the end. Why is this any different from that? Well, Your Honor, did you get the fight? And I'd like to follow up on that. Or a circumstance where a lawsuit begins by way of a complaint and a consent order. The parties bring it to the court and have a consent order. There's a dispute. Everybody agrees to the resolution. The court still has jurisdiction. Again, following up with Judge Jordan said, why is this the same thing? Well, Your Honors, because in this case the dispute was resolved. It was resolved at arbitration, which settled the contractual question of whether or not UPS could do what it was doing. And the arbitrator reviewing the contract, reviewing the party's bargaining relationship, that's where the rabbit goes in the hat, right? You can't answer the question by saying the question is answered. You can't say the dispute is over because we say it's over. The statutory framework that we've got says you shall confirm this award. Your argument is not a statutory-based one. It's a constitutional one. Your assertion is we said we'd give up, therefore the case is over. Now the question is being put to you, why is that different from cases where there's either a consent decree or there's a request for injunctive relief and one party says, I give up. That doesn't end the case in those cases. There's still a case for controversy until the court rules. Why is this different in this situation just because you are willing to say, no, no, we're going to be good? Or a court is asked to issue a subpoena before a dispute exists. There's all kinds of cases saying we have jurisdiction or a case for controversy is there. Well, one area in which it's different from injunctive cases or cases brought by a consent decree is that this is labor arbitration, and courts have expressly and Congress has expressly conferred to arbitrators in the basis of labor arbitration to fulfill their duties on that basis. I thought we'd established early on that even though this is labor relations, we are looking to the FAA because that's what cases have done and been endorsed by the Supreme Court and that's the process for decades. So it's true this is under the Labor Management Act, but we are looking at the FAA and that's where we're taking our guidance. I thought we were in agreement on that. Are we not? We are absolutely in agreement on that, Your Honor. But there are considerations for labor cases. All right. Any further questions? No, thank you. Okay. All right. We'll hear back from Mr. O'Hare. Your Honor. Let me ask you before you start, do you have anything you really want to add? I was trying to think of the words that Congress used when they, I think it's they return the balance of their time back to the court. Unless the court has any specific question, I would address. I don't. I don't. Thank you. I'm good. Thanks. Thank you. Thank you to both counsel. Very interesting case. And we'll take the matter under advisement.